**CANTON MOTORS, Appellant,**

v.

**FOLEY & WILLIAMS, M. G. Williams,
Partner, Appellees.**

No. 465.

Court of Civil Appeals of Texas,
Tyler.

Feb. 19, 1970.

W. Ernest West, Canton, for appellant.

Joe D. Clayton, Tyler, for appellees.

McKAY, Justice.

This is a summary judgment case. Suit was brought by appellant, Canton Motors, against Foley & Williams, alleging it to be a partnership, and against M. G. Williams, as an acting partner, for certain labor performed on or about June 24, 1964, in moving some equipment and machinery used in road-building, from Lufkin to Marshall. The amount prayed for was $150.00 for the labor, $100.00 for attorney's fee, and $9.00 interest.

Appellant alleged one Ellis Rogers authorized the moving of the equipment and machinery and that he was an employee and manager for Foley & Williams. Appellee answered with sworn pleadings consisting of a general denial, denial of the existence of the partnership, and denial that Ellis Rogers was, on June 24, 1964, or at any time, an employee or agent of either of defendants, but was an employee and agent of Dew Construction Company and/or H. E. Dew, contractor.

Appellees filed a motion for summary judgment and attached an affidavit of M. G. Williams in which it was set out that Ellis Rogers was not, nor had he ever been, an employee of Foley & Williams or M. G. Williams and that their books and records so reflected; that affiant did not, nor did anyone connected with Foley & Williams, request or authorize any work to be performed by Canton Motors on June 24, 1964; and that Ellis Rogers was an employee of Dew Construction Company and/or H. E. Dew, contractor, on such date.

Appellant filed a controverting affidavit of T. Dean Brown, partner and manager of Canton Motors, in which Brown stated that Ellis Rogers was an employee of Dew Construction Company and on June 24, 1964, requested him to move the equipment and machinery; that Rogers advised him that Dew was doing work for Foley & Williams, and that Foley & Williams was paying all bills and accounts involved and growing out of the contract being performed for Foley & Williams.

The deposition of Ellis Rogers was before the Court, and Rogers there testified that he was an employee of Dew Construction Company, which was an independent sub-contractor of Foley & Williams; that Dew was having financial problems but he (Rogers) did not know of the arrangement Dew had with Foley & Williams about advancing money or meeting or making its payroll; that anything Dew or Dew's employees bought for Dew's equipment was charged to Foley & Williams, and Dew authorized Rogers to do that; that Dew authorized him to charge the hauling cost involved herein to Foley & Williams, but neither Foley nor Williams authorized him to do so; that he assumed from what Dew told him and from Dew's conduct that anything Dew wanted, Foley & Williams would stand good for it or be responsible for it.

After hearing, the trial court granted appellee's motion for summary judgment, and appellant appeals on two points. By the first point, appellant contends the witness, Ellis Rogers, makes out a complete case or cause of action; and in the second point, by a review of the evidence, appellant contends appellees were the sole beneficiary of the services performed.

Appellant did not sue Dew Construction Company or Ellis Rogers, nor did he plead quantum meruit. His case, if any, is against Foley & Williams and M. G. Williams, partner. There is no disputed fact issue. Rogers ordered the services performed; appellant performed them; Rogers did not have authority from Foley and Williams to incur any obligation for them or any indebtedness against them; Rogers was an employee of Dew, and Dew was an independent contractor; and Rogers assumed he had authority to bind Foley & Williams when, in fact, he had no such authority. There is no genuine issue of any material fact. Appellant's affidavit and the deposition of his witness Rogers do not relate facts sufficient to sustain a cause of action against either of the appellees. Rule 166-A, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.

Affirmed.